**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | | |
|---|---|---|
| **HEATHER SPEES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  5:08-cv-00073-TBR** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **JAMES MARINE, INC. and JAMESBUILT, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL FULL AND COMPLETE DISCOVERY RESPONSES**

NOW COMES Plaintiff Heather Spees, through her undersigned counsel, and files this Memorandum in Support of Her Motion to Compel Full and Complete Discovery Responses pursuant to Fed. R. Civ. P. 37(a).  After good faith attempts at resolving the disputes set out in this Motion,[1] Defendant James Marine, Inc. ("JMI") has refused to provide full and complete responses to relevant discovery requests.  Accordingly, the Court should order Defendant JMI to provide full and complete responses to the discovery requests at issue.  The Court should also order Defendant JMI to pay Ms. Spees' attorney's fees incurred in preparing this Motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

<u>**PRELIMINARY STATEMENT**</u>

Ms. Spees, a female, was employed as a welder by Defendants in 2007.  *See* (Compl. ¶¶ 2, 12; Answer ¶¶ 2, 12).  Ms. Spees performed her job competently.  *See* (Compl. ¶ 14; Answer ¶

---

[1] A Certificate of Good Faith Effort to Resolve Discovery Dispute is attached hereto as Exhibit A pursuant to Local Rule 37.1.

14).   Nevertheless, throughout her employment, Defendants treated Ms. Spees less favorably than their male employees.  *See* (Compl. 16).

Defendants provided a locker room for their male employees.  *See* (Compl. ¶ 18; Answer ¶ 18).  Defendants did not permit Ms. Spees to use the locker room, *see* (Compl. ¶ 18; Answer ¶ 18), and instead gave her a locker in the tool room where she had no privacy.  *See* (Compl. ¶¶ 19-20; Answer ¶¶ 19-20).  Defendants also did not provide Ms. Spees with a restroom or running water as was available to their male employees, eventually making a single portable toilet that lacked running water available to her.  *See* (Compl. ¶¶ 21-22; Answer ¶¶ 21-22).

Ms. Spees became pregnant in June or July 2007.  *See* (Compl. ¶ 26; Answer ¶ 26). Defendants immediately re-assigned Ms. Spees to work in the tool room.  *See* (Compl. ¶¶ 27; Answer ¶ 27).  Ms. Spees followed Defendants' instructions in obtaining advice from doctors, but Defendant refused to permit Ms. Spees to return to her welding duties.  *See* (Compl. ¶¶ 28-30; Answer ¶¶ 28-30).

Instead, Defendants required Ms. Spees to take a night-shift position in the tool room in order to keep her job.  *See* (Compl. ¶ 31; Answer ¶ 31).  After a short time in this position, Ms. Spees' doctor issued a recommendation that she be placed on bed rest.  *See* (Compl. ¶ 34; Answer ¶ 34).  Ms. Spees obtained this note only because her supervisor instructed her to do so because, he said, she would be placed on medical leave with her job protected.  *See* (Spees Dep. at 93:19-20, 94:11-17, attached as Ex. B).  Ms. Spees was able and willing to perform her welding work notwithstanding the doctor's note calling for bed rest.  *See* (Ex. B at 98:5-13, 100:11-23).  Defendants, however, terminated Ms. Spees shortly after she received the doctor's note.  *See* (Compl. ¶ 35; Answer ¶ 35).

On or about July 11, 2008, Ms. Spees served Defendant JMI with her First Set of Interrogatories and Requests for Production of Documents. Defendant responded and the parties commenced oral discovery. As Ms. Spees developed information through depositions and informal methods, her counsel re-visited Defendant JMI's responses to Ms. Spees' written discovery. Counsel determined that the responses were deficient in several ways.

Accordingly, on September 4, 2008, Ms. Spees' counsel hand delivered a letter to Defendants' counsel David Kelly identifying ten Interrogatories and Document Requests as to which Ms. Spees contended Defendant JMI provided insufficient responses or improper objections. *See* (Ex. C). Mr. Kelly responded in a September 30 letter. *See* (Ex. D). Mr. Kelly provided additional information and clarification as to some disputed matters and re-stated objections as to others.

Mr. Kelly's clarifications provided sufficient responses to several of the disputed matters. Defendant JMI, however, continued to maintain improper objections or insufficient responses for other discovery requests. Thus, on October 14, Ms. Spees' counsel hand delivered a letter to Mr. Kelly again requesting full and complete discovery responses, but limiting his request for additional information only to three Interrogatories and two Document Requests. *See* (Ex. E). Nevertheless, by letter of November 4, Mr. Kelly refused to provide complete and responsive information. *See* (Ex. F).

## ARGUMENT

### THE COURT SHOULD ORDER DEFENDANT JMI TO PROVIDE FULL AND COMPLETE RESPONSES TO MS. SPEES' DISCOVERY REQUESTS

The Court should compel Defendant JMI to provide complete responses to Ms. Spees' discovery requests so this matter may proceed without further delay. Ms. Spees' discovery requests were relevant to this lawsuit but Defendant JMI either refused to answer or provided

incomplete answers. The Court may order Defendant JMI to provide full and complete responses to Ms. Spees' discovery requests. *See* Fed. R. Civ. P. 37(a)(1).

    A.    **Defendant JMI Has Provided Insufficient Responses to Three Categories of Discovery Requests**

As a result of Defendant JMI's insufficient responses, the Court should order appropriate answers as to the following discovery requests:

    1.    **Plaintiff's Joint Employer Interrogatory**

Ms. Spees' **Interrogatory No. 6** asked Defendant JMI to: "Identify any and all entities for which you set employment policies and/or practices and/or for which you provide employee manuals and/or any document concerning employment policies and/or practices relating to terms and conditions of employment." *See* (Ex. G at 7). Defendant JMI responded that it had several related entities that, while having common ownership, were separate entities. *See* (Exs. D, F, and H-1 at 3-4).[2]

Ms. Spees has alleged that Defendant JMI and Defendant Jamesbuilt, LLC jointly employed her. *See* (Compl. ¶ 11). Defendant admitted they jointly controlled the terms, conditions, and privileges of Ms. Spees' employment. *See* (Answer ¶ 11). Evidence obtained in discovery reinforces Defendants' joint employer status. *See*, *e.g.*, (Christian Gunder Dep. at 20:10-19, attached as Ex. I-1)[3] (stating person desiring employment with any of Defendant JMI's companies must apply at JMI's headquarters).

Defendant JMI has responded that it cannot answer the Interrogatory because the Defendants are separate legal entities. *See* (Exs. D, F, and H-1 at 4). This makes little sense as Defendant JMI surely knows whether it set out the employment policies and practices for

---

[2] Due to file-size limitations with the ECF system, Ex. H has been divided into three parts (Exs. H-1, H-2, and H-3) and includes only the Interrogatories and Document Requests at issue in this Motion.

[3] Due to file-size limitations with the ECF system, Mr. Gunder deposition excerpts have been divided into two parts.

Defendant Jamesbuilt, LLC.  Moreover, the Interrogatory is relevant precisely because the two Defendants are legally separate entities.  If Ms. Spees ultimately proves she suffered discrimination in the terms and conditions of her employment at Jamesbuilt, LLC, Defendant JMI will be jointly liable for Ms. Spees' damages if it was her joint employer.  *See Grace v. Uscar*, 521 F.3d 655, 667-69 (6th Cir. Mar. 26, 2008) (noting companies that are joint employers are jointly liable for FMLA purposes); *see also Sanford v. Main Street Baptist Church Manor, Inc.*, No. 06-187-KSF, 2007 WL 1576710, at * 2-3 (E.D. Ky. May 30, 2007) *quoting Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) (Title VII case noting joint employers are separate legal entities both of which retain control over an employee sufficient to be considered the employer of the employee).  As such, it is relevant and important for Ms. Spees to identify the precise relationship between the two Defendants.  Therefore, the Court should order Defendant JMI to respond to Ms. Spees' Interrogatory in this regard.

### 2.    Ms. Spees' Pattern of Discrimination Requests

Next, Ms. Spees' **Interrogatory No. 11** asked Defendant JMI to:  "Identify each female who has applied for a non-office, manual labor position with you or any of your related companies within the previous five years, state whether each female was hired, and state the reason(s) for declining each female that was not hired."  *See* (Ex. G at 9).  Plaintiff's **Document Request No. 9** asked the company to produce non-privileged documents related to its answer to the Interrogatory.  *See* (Ex. G at 14).  Defendant JMI refused to provide responsive information or documents.  *See* (Exs. D, F, and H-2 at 6-7 & 15).

While this is not a failure to hire case, these requests are relevant to showing the existence of a pattern or practice of discrimination on the basis of sex.  Testimony from Defendants' witness has shown that Ms. Spees applied for a job with the company on multiple

occasions over a five-year period before she was hired.  *See* (Ex. I-1 at 34:6-23, 35:3-11, 36:1-4

and 12-20, and Ex. I-2 at 37:2-5).  Asked why Ms. Spees was not hired on those occasions, the

witness testified "[p]robably because there wasn't no women there yet."  *See* (Ex. I-1 at 36:1-4).

The witness further testified that Tom Freeman, Defendant JMI's safety director, told Ms. Spees

that James Marine was not a place for women.  *See* (Ex. I-2 at 50:25 – 51:5).

These facts make plausible the possibility that Defendants do not desire to employ

females.  If Defendants' job application records, in addition to other evidence developed through

oral discovery, support this theory, Defendants' pattern and practice of not hiring women would

support Ms. Spees' claim that she suffered discrimination on the basis of her sex, even though

Defendants hired her and put her to work for a time.  Further, this information is not unduly

burdensome since the company obtains identification of the applicant's gender through its pre-

hire application and medical screening processes.  Accordingly, because the information

requested is both relevant and accessible, the Court should order Defendant JMI to respond to the

Interrogatory and Document Request.

### 3.      **Ms. Spees' Eligibility for Leave Requests**

Finally, Ms. Spees sought information regarding Defendant JMI permitting employees to

take time off pursuant to a doctor's order.  After consulting with Defendants' counsel, Ms. Spees

amended her **Interrogatory No. 22** to ask Defendant JMI to:  "Identify each employee within

the previous five years who was not eligible for or who had exhausted his or her right to leave

under the Family Medical Leave Act or any similar law who has been permitted to take time off

work to recover from a medical condition pursuant to a doctor's order and who was not

terminated for such absence and, for each, identify the medical condition requiring the leave and

the duration of the leave." *See* (Ex. E at 1-2).  Ms. Spees' **Document Request No. 19** sought documents related to Defendant JMI's response to the Interrogatory.  *See* (Ex. G at 16).

These requests are relevant because Plaintiff has alleged that the Defendants have previously permitted male employees to take time off work to recover from medical conditions pursuant to a doctor's order without terminating such employees.  *See* (Compl. ¶ 37). Defendants responded by admitting that employees have been permitted to take time off work to recover from medical conditions pursuant to a doctor's order without being terminated but denied this was limited only to male employees. *See* (Answer ¶ 37).

In response to the Interrogatory, however, Defendant JMI stated it is "not aware of" any person who was afforded such leave when the employee was ineligible for FMLA leave and not on workers' compensation.  *See* (Ex. F).  Ms. Spees will, of course, accept the answer if Defendant JMI's answer is that it has not allowed anyone time off pursuant to a doctor's order absent FMLA eligibility in the last five years.  Defendant has provided only an equivocal statement, however.  Such a statement amounts to a failure to respond.  *See* Fed. R. Civ. P. 37(a)(4).  Further, its equivocal statement appears to conflict with the previous statement in its Answer.  Therefore, the Court should order Defendant JMI to provide a meaningful response after proper investigation.

**B.**  **The Court Should Order Defendant JMI to Pay Ms. Spees' Attorney Fees For Submitting This Motion**

The Court should also Order Defendant JMI to pay Ms. Spees' attorney fees for this Motion because it failed to provide responsive information to requests that were relevant to this lawsuit even after counsel gave Defendant JMI multiple opportunities to respond.  When a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the

party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. (a)(5)(A).

Ms. Spees incurred attorney's fees for preparing and litigating this Motion. She also incurred the Clerk's costs for filing this Motion. The Court should award Ms. Spees the costs of filing this Motion and the attorney's fees she incurred to do so.

## <u>CONCLUSION</u>

Because Defendant James Marine, Inc. refused to provide full and complete responses to relevant discovery requests, the Court should enter an Order requiring it to provide appropriate responses after proper investigation. The Court should also award Ms. Spees her costs and attorney's fees for preparing and litigating this Motion.

Dated:  November 11, 2008                                 Respectfully submitted,


s/ D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
                 TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Heather Spees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of November, 2008, a copy of the foregoing was filed via the Court's CM/ECF system, which will send a notice of electronic filing to:

Thomas J. Keuler
David L. Kelly
Denton & Keuler, LLP
P.O. Box 929
Paducah, KY  42002-0929

<u>s/ D. Wes Sullenger</u>