UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-00073-TBR

HEATHER SPEES                                                                                               PLAINTIFF

v.

JAMES MARINE, INC. and                                                                          DEFENDANTS
JAMESBUILT, LLC

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Compel Full and Complete Discovery Responses (Docket #14). Defendants have responded (Docket #15). Plaintiff has replied (Docket #16). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is GRANTED in part and DENIED in part.

**BACKGROUND**

This matter arises from an employment discrimination suit. Plaintiff Heather Spees is a former employee of Defendants James Marine, Inc. and Jamesbuilt, LLC. Plaintiff worked for Defendants as a welder in a predominately male workforce. In June or early July 2007, Plaintiff became pregnant. Plaintiff's doctor placed her on temporary bed rest in early August 2007. Plaintiff alleges that she would have returned to work but for Defendants' termination of her employment on August 24, 2007. Plaintiff alleges that Defendants unlawfully terminated her because of her sex, pregnancy, and perceived disability.

Plaintiff now moves the Court to compel Defendant James Marine Inc. to fully and completely respond to her discovery requests pursuant to Federal Rule of Civil Procedure 37(a)(1). Plaintiff also moves for attorney fees under Rule 37(a)(5)(A).

**STANDARD**

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv).

Discovery requests are not limitless. "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)).

**ANALYSIS**

Plaintiff argues that Defendant James Marine, Inc. has insufficiently responded or improperly objected to five of Plaintiff's discovery requests. Specifically, Plaintiff points to Interrogatory Nos. 6, 11, and 22 and Document Request Nos. 9 and 19. Plaintiff has submitted a certification of good faith stating that the parties conferred regarding the discovery issues but could not resolve their disagreements. The Court now considers each discovery request in turn.

**A. Interrogatory No. 6**

Interrogatory No. 6 asks Defendant to "[i]dentify any and all entities for which you set employment policies and/or practices and/or for which you provide employee manuals and/or any document concerning employment policies and/or practices relating to terms and conditions of employment." Defendant objected to Interrogatory No. 6 on the basis that "Defendant is not sure of what information Plaintiff is seeking." Defendant also provided the following answer, "Notwithstanding this objection and without waiving the same, Defendant states there are several James Marine-related entities that include James Transportation, LLC; Paducah River Fuel Service, Inc.; Paducah River Painting, Inc.; Walker Boat Yard; and James Transportation, LLC, d/b/a Tennessee Valley Towing. Although these entities share common ownership, each is a separate entity."

Plaintiff asserts that Defendant's response is insufficient because it does not identify the precise relationship between itself and the other named Defendant in this case, Jamesbuilt, LLC. The Court agrees with Plaintiff that Defendant's response is insufficient, but not for the reason Plaintiff asserts. Interrogatory No. 6 does not ask Defendant to identify its precise relationship with Defendant Jamesbuilt, LLC. Instead, Interrogatory No. 6 asks Defendant to identify any and all entities for which it sets employment policies and/or practices. In response, Defendant provides the names of related entities without specifying whether it sets the employment policies or practices for those entities. Thus, Defendant's response is insufficient, not because it fails to identify its precise relationship with Defendant Jamesbuilt, LLC, but because it does not answer the question of whether or not it sets the employment policies and/or practices of its related entities. Accordingly, the Court finds that Defendant must respond and identify all entities for which it sets employment policies and/or practices and/or provides employee manuals and/or any

3

other documents pertaining to conditions of employment.

### B. Interrogatory No. 11 & Document Request No. 9

Interrogatory No. 11 asks Defendant to "[i]dentify each female who has applied for a non-office, manual labor position with you or any of your related companies within the previous five years, state whether each female was hired, and state the reason(s) for declining each female that was not hired." Document Request No. 9 asks Defendant to provide "[e]ach and every non-privileged document that in any way refers to, relates to, or pertains to your response to Interrogatory No. 11."

Defendant objected to Interrogatory No. 11 as overly broad and unduly burdensome. Defendant further explained, "this Interrogatory calls for release of personal information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has made no allegation of a refusal to hire based on her gender and the information sought by this request is not designed to obtain admissible evidence. In addition, Defendants do not make hiring decisions based on gender, sex, or race, and do not track potential applicants in that manner." As for Document Request No. 9, Defendant answered, "See objection to Interrogatory No. 11 above."

As a preliminary matter, the Court is confused by Defendant's repeated use of the plural "Defendants" in response to Plaintiff's interrogatories. It is the Court's understanding that these interrogatories and requests for production were served only on Defendant James Marine, Inc. Therefore, any responses Defendant provides pertain only to Defendant James Marine, Inc., and not Defendant Jamesbuilt, LLC.

Plaintiff argues that Interrogatory No. 11 and Document Request No. 9 are relevant for

the purpose of discovering the existence of a pattern or practice of discrimination on the basis of sex by Defendant. In support of her argument, Plaintiff cites the deposition testimony of Christian Gunder, a foreman at Jamesbuilt, who explained that Plaintiff had to apply multiple times for her job. (Gunder Dep. 34:6-10, Sept. 9, 2008.) When asked why she was not hired right away, Gunder explained, "Probably because there wasn't no women there yet. I don't know." (Gunder Dep. 36:1-4.) Plaintiff asserts that this testimony, plus an incident described by Gunder wherein another employee told Plaintiff that James Marine was not a place for women, demonstrate that Defendant may have exercised a pattern or practice of not hiring female employees.

    Defendant responds that Plaintiff's request is both unduly burdensome and not relevant to her disparate treatment claim. Defendant argues that Plaintiff's request is unduly burdensome because the company would have to locate and analyze thousands of job applications submitted over the past five years to determine if they were submitted by females for manual labor positions. But Defendant does not explain with any specificity the burden it perceives in locating and providing Plaintiff with the requested information and supporting documents. For example, Defendant does not provide any information about its job application retention policy. Thus, the Court does not know for how long Defendant keeps its job applications, where they are stored and in what format they exist (paper or electronic). This information would help the Court to evaluate the burden Defendant allegedly faces in identifying and producing these documents. Without more explanation, the Court is unpersuaded that Plaintiff's request is unduly burdensome.

    Defendant also argues that the requested information is not relevant to Plaintiff's

discrimination claim because Plaintiff does not assert a failure-to-hire claim.  Rather, Plaintiff alleges a disparate treatment claim.  Therefore, any inquiry into Defendant's pattern or practice of hiring other females in non-office, manual labor positions is irrelevant.  The Court agrees.

"It is well-settled that information concerning an employer's general employment practices is relevant even to a Title VII individual disparate treatment claim." *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 906 (6th Cir. 1991) (citations omitted).  "However, this desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Id.* (citing *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)).  In her complaint, Plaintiff clearly alleges a disparate treatment claim on the basis of sex.  Plaintiff does not allege a discrimination claim based on unlawful failure to hire.  In fact, there is no dispute that Defendant hired Plaintiff, a woman.  Plaintiff's request seeks personal information about every female applicant Defendant could have potentially hired.  This discovery request is too broad.  Evidence of a pattern or practice of failing to hire women is irrelevant for the purpose of establishing Plaintiff's claim that she was treated differently from the men with which she worked.  Defendant has already provided Plaintiff with discovery information pertaining to all female employees it has hired for manual labor positions. The Court finds this information sufficient.  Accordingly, the Court declines to compel Defendant to identify and provide documentation of every woman who submitted a job application for a non-office, manual labor position with the company is past five years.

### C. Interrogatory No. 22 & Document Request No. 19

Interrogatory No. 22 was amended to ask Defendant to "[i]dentify each employee within the previous five years who was not eligible for or who had exhausted his or her right to leave

under the Family Medical Leave Act [("FMLA")] or any similar law who has been permitted to take time off work to recover from a medical condition pursuant to a doctor's order and who was not terminated for such absence and, for each, identify the medical condition requiring the leave and the duration of the leave." Document Request No. 19 asks Defendant to provide "[e]ach and every non-privileged document that in any way refers to, relates to, or pertains to your response to Interrogatory No. 22, including, but not limited to, lists of employees permitted to take time off pursuant to a doctor's order."

>Defendant provided the following answer in response:
>
>The company is not aware of any individual in the past 5 years who was not eligible for or who had exhausted his or her right to FMLA or similar leave who has been permitted to take time off work to recover from a medical condition pursuant to a doctor's order and who was not terminated for such absence. However, the company does not treat work related injuries and conditions as FMLA related. Any employee who has suffered a work related injury is not placed on any time constraints to recover regardless of their eligibility under FMLA.
>Your client did not suffer any work related injury.

As for Document Request No. 19, Defendant answered, "See objection to Interrogatory No. 22 above."

Plaintiff argues that Defendant's response is equivocal. Specifically, Plaintiff argues that Defendant's response conflicts with an admission Defendant made in its Answer to Plaintiff's Complaint. In its Answer, Defendant admitted that previous employees were permitted to take time off from work to recover from medical conditions pursuant to a doctor's order without being terminated, but denied that this permission was limited only to male employees. Although Plaintiff does not say so directly in her brief, her argument seems to be that Defendant's use of the words "not aware of" in its response to Interrogatory No. 22 is an attempt to somehow

circumvent the admission it previously made in its Answer.

The Court does not find any conflict between Defendant's response to Interrogatory No. 22 and the admission made in its Answer. Nonetheless, the Court understands Plaintiff's concern that the two statements are equivocal. In its Answer, Defendant admitted that employees were permitted to take time off from work to recover from medical conditions in the past. The implication of Defendant's response to Interrogatory No. 22, as understood by the Court, is that those employees permitted to take time off to recover from medical conditions in the past five years were either eligible for or had not exhausted their right to FMLA or similar leave. Thus, Defendant's statements are not in conflict. No employees not eligible for FMLA or similar leave, or who have exhausted their right to FMLA or similar leave, have been permitted to take time off to recover from medical conditions in the past five years. Furthermore, because no employees fall within the parameters contemplated in Interrogatory No. 22, Defendant cannot produce documentation concerning them.

If the Court's understanding of Defendant's response is correct, then Defendant has sufficiently answered the interrogatory. However, if the Court's understanding is incorrect, then Defendant must clarify its response. Accordingly, the Court finds that Defendant must clarify its response to Interrogatory No. 22 to the extent it differs from the Court's reading of it.

**D. Attorney Fees**

Plaintiff requests attorney fees for preparing and litigating the present motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Rule 37(a)(5)(A) provides that if a motion to compel disclosure or discovery is granted, "the court must require . . . the party or attorney whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees."  However, if the motion is granted in part and denied in part, then the court "may apportion the reasonable expenses for the motion."  Fed. R. Civ. Pro. 37(a)(5)(C).

The Court has granted in part and denied in part Plaintiff's motion.  In moving for attorney fees, Plaintiff does not argue that Defendant's failure to sufficiently respond was willful or made in bad faith.  Plaintiff also does not argue that it has been prejudiced by Defendant's failure to sufficiently respond.  Therefore, the Court finds no reason to grant Plaintiff's attorney fees request.

## CONCLUSION

The Court being duly and sufficiently advised, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Full and Complete Discovery Responses is GRANTED in part and DENIED in part.  Defendant James Marine, Inc. is compelled to provide a full and complete discovery response to Plaintiff's Interrogatory Nos. 6 and 22 as outlined by the Court in this Opinion and Order.