UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-00073-TBR

'09 JUL 14 P1:59

FILED
US DISTRICT COURT CLERK
WESTN DIST. KENTUCKY

HEATHER SPEES v. JAMES MARINE, INC. and
JAMESBUILT, LLC

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claim in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven her case against the defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's

believability.  Use your common sense and your everyday experience in dealing with other people.  Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial.  An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence.  Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance.  Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in Court.  You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous.  That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each

decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 1

It is unlawful for an employer to intentionally discriminate against any person with respect to conditions of employment because of such person's sex.

Plaintiff Heather Spees claims that Defendants James Marine, Inc. and Jamesbuilt, LLC intentionally discriminated against her by providing inadequate workplace and/or bathroom facilities because she is a woman.

Defendants deny that plaintiff was provided with inadequate workplace and/or bathroom facilities or that they were motivated by plaintiff's sex with respect to any employment decisions regarding her workplace and/or bathroom facilities.

It is your responsibility to decide whether plaintiff has proven her claim of intentional discrimination by defendants by a preponderance of the evidence.

The issue before you is limited to the plaintiff's allegation that she was provided with inadequate workplace and/or bathroom facilities because she is a woman and therefore was intentionally discriminated against by defendants. There are no issues for you to decide with respect to the plaintiff's pregnancy or termination from employment.

## INSTRUCTION NO. 2

In order to prevail on her claim of intentional discrimination, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. Plaintiff was provided with inadequate workplace and/or bathroom facilities by defendants;

2. Plaintiff's sex was a motivating factor in defendants' decision to provide plaintiff with inadequate workplace and/or bathroom facilities.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendants.

## INSTRUCTION NO. 3

### Motivating Factor

The term "motivating factor" means a consideration that moved the defendants toward their decision. The term "motivating factor" does not mean the sole or primary reason for defendants' decision.

# INSTRUCTION NO. 4

## Preponderance of the Evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 5

### Compensatory Damages

If you find that defendants discriminated against plaintiff based on the plaintiff's sex, then you must determine an amount that is fair compensation for the plaintiff's damages. You may award compensatory damages only for injuries that the plaintiff proves were caused by defendants' allegedly wrongful conduct.

The damages that you award must be fair compensation - no more and no less.

You may award damages for any pain, suffering, or mental anguish that the plaintiff experienced as a consequence of defendants' alleged discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## INSTRUCTION NO. 6

### Punitive Damages

If you find for plaintiff, you may, but are not required to, assess punitive damages against the defendants. The purpose of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendants. You may assess punitive damages only if you find that the defendants' conduct was with malice or reckless indifference to the plaintiff's rights. An action is with malice or reckless indifference to the plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes stated above, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

1. The reprehensibility of defendants' conduct;

2. The impact of defendants' conduct on the plaintiff;

3. The relationship between plaintiff and defendants;

4. The likelihood that defendants would repeat the conduct if an award of punitive damages is not made;

5. The relationship of any award of punitive damages to the amount of actual harm plaintiff suffered.

## JURY VERDICT FORM

We, the jury, unanimously find that Defendants James Marine, Inc. and Jamesbuilt, LLC intentionally discriminated against Plaintiff Heather Spees because of her sex.

YES _____        NO \_\_\_X_____

_____        _____
Foreperson Signature                Date

If you answered "NO" please return to the courtroom. If you answered "YES" please proceed to the next instruction.

## JURY VERDICT FORM

We, the jury, award Plaintiff Heather Spees compensatory damages for pain, suffering, and mental anguish as described in Instruction No. 5 in the amount of $ _____.

_____     _____

Foreperson Signature                                    Date

## JURY VERDICT FORM

We, the jury, award Plaintiff Heather Spees punitive damages as described in Instruction No. 6 in the amount of $ _____ .

_____    _____

Foreperson Signature                                     Date