# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:08-CV-00073-TBR

**HEATHER SPEES**                                                                   **PLAINTIFF**

**v.**

**JAMES MARINE, INC. and**                                   **DEFENDANTS**
**JAMESBUILT, LLC**

## MEMORANDUM OPINION AND ORDER

The parties have filed multiple motions *in limine*. DN 83-86, 94-99. Responses have been filed, and in some cases replies have been filed. These matters are now ripe for adjudication.

## DISCUSSION

A total of ten motions have been filed - each will be discussed in turn.

*I. Motion in Limine To Exclude Reference To Prior Trial* (DN 97, 107) and
*Motion in Limine limiting testimony of sex discrimination
due to the condition of the facilities* (DN 86, 102)

These motions largely cover the same issues and are agreed on by both parties. Accordingly, neither party shall mention the prior trial nor the issues of the prior trial during the current trial. If a party believes any of this evidence becomes relevant at trial, counsel may approach the court before mention of the evidence to the jury.

*II. Motion in Limine limiting testimony as to claims of discrimination
due to Spees' termination* (DN 84, 103)

As above, the parties have largely agreed on this motion and both parties shall accordingly avoid mention of sex discrimination as a result of the termination, resolved on summary judgment, at the upcoming trial. If a party believes any of this evidence becomes relevant at trial, counsel may approach the court before mention of the evidence to the jury.

### III. Motion in Limine To Exclude Evidence of the
### Alleged Harms of Welding (DN 94, 109, 114)

Plaintiff moved to exclude the Material Safety Data Sheets (MSDS) as lacking proper foundation. Defendant asserts the MSDS are relevant to Defendant's decision to reassign Plaintiff to the tool room. If Defendant offers evidence that it relied in part on the MSDS in its decision to assign Plaintiff to the tool room then the Court will allow the evidence in. Defendant must lay a proper foundation of what the MSDS are and Defendant's reliance in this case on the MSDS before making the reassignment decision. This evidence is similar to Plaintiff's desire to offer statements to Plaintiff by Dr. Cardenas that welding was not a health hazard to pregnant women. Plaintiff argues such statements are not introduced for the truth but to show Plaintiff's state of mind. The same can be said for reliance on the MSDS if proper foundation is laid.

### IV. Motion in Limine To Exclude Evidence of Other
### Sick Or Injured Employees (DN 96, 105, 116)

Plaintiff has filed a motion to exclude statements regarding treatment of other sick employees. Plaintiff argues the issue is whether Defendant treated Plaintiff worse than others who were similar in their ability to work. In essence Plaintiff states Defendant is unable to present men with similar conditions to Plaintiff's.

Defendant has responded. Essentially Defendant states the testimony of Dr. Cardenas will show that it was Plaintiff, and not the Defendant, who demanded that Dr. Cardenas place Plaintiff under the subject work restrictions. Defendant argues it was following doctor's instructions. Defendant concludes this testimony as to how Defendant treated other employees with medical restrictions for non-work relates conditions is relevant.

The Court is unclear as to exactly what evidence Defendant wants to introduce. Without

2

knowing the context in which such evidence would be introduced, the Court cannot fairly evaluate the relevancy and prejudice. For example, evidence of other injuries for the limited purpose of showing that James Marine generally honored doctor's notes when assigning work would, initially at least, seem to be relevant to the issues at hand and invoke very little prejudice. On the other hand, there might also be situations where evidence of other employees is of questionable relevance.

*V. Motion in Limine To Exclude Evidence of Other Female Employees* (DN 95, 110, 115) and *Motion in Limine to exclude Spees' theory that she was not previously hired because she was a woman* (DN 83, 104)

Plaintiff asks this Court to exclude evidence of Defendant's other female employees and Defendant asks this Court to exclude evidence of statements tending to indicate sex discrimination during the hiring process.

The Court needs additional argument and clarification on these competing motions. It appears Plaintiff wants to introduce that she feels she was discriminated against in the hiring process and also was the only female welder employee. However, Plaintiff does not want Defendant to introduce evidence that it had employed other women in other positions.

Defendant wants to exclude evidence of sex discrimination during the hiring process and introduce evidence on other women in its employ.

As stated the Court needs clarification on the prejudice and reasons for the evidence. This will help the Court determine to what extent the evidence is relevant to show Plaintiffs pregnancy was a motivating factor in the transfer to the tool room and Plaintiff's ADA claim to the extent it is based in the tool-room transfer.

This is not a claim for sex discrimination in the hiring process. At first glance, it appears to the Court that Plaintiff's perception of the hiring process is not relevant. However, it seems that by

3

way of background information and to put Plaintiff's employment history in context, that Plaintiff should be able to factually explain, without opinions, the hiring process. In response, Defendant should be able to factually explain Plaintiff's hiring and Defendant's employment actions. Likewise, Plaintiff should be able to state she was the only female welder and Defendant can state that there were other female employees, albeit at other positions.

If the parties disagree with this, then the Court will hear their arguments the morning before the trial starts.

*VI. Motion in Limine To Exclude Supplemental Initial Disclosure (DN 98, 108, 117)*

Plaintiff has filed a motion to exclude late filed supplemental initial disclosures. After reviewing the motions, this Court thinks that both parties are generally in agreement. Accordingly, the late filed disclosures will be excluded, both parties shall stipulate to August 7 as the last day of work, and Plaintiff shall not argue that Defendant should have produced some evidence of Plaintiff's last day of work. If the parties disagree with this, then it will be discussed prior to trial.

*VII. Motion in Limine to limit testimony on the statements of Dr. Cardenas (DN 85, 106)*

Because the Defendant has provided only one specific example, this Court will limit its ruling to that statement. Other statements with hearsay implications must be examined in an appropriate factual context.

Plaintiff contends that the contested statement is not offered for the truth of the matter asserted, but rather to show why Plaintiff believed she could continue welding. This is not hearsay but relevant solely as evidence that the statements were made, not whether they were true or not. The Court will give the customary cautionary instruction if requested by Defendant.

*VIII. Motion in Limine To Preclude Evidence of a Same-Decision Defense (DN 99, 111, 118)*

4

Plaintiff moves to preclude evidence of a same-decision defense on the grounds that such a defense is an affirmative defense that was not appropriately pled. Federal Rule of Civil Procedure 8(c)(1) states that, in "responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." In the aftermath of *Desert Palace, Inc. v. Costa*, 539 US 90 (2003), there seems to have been some confusion by defense attorneys as to how to treat the same-decision defense. *See, e.g.*, *Delhagen v. McDowell*, No. 3:08-cv-00285, 2010 WL 3829390 (M.D.Pa September 24, 2010) (Defendant asked for leave to amend pleadings due to confusion over whether same decision defense needed to be included in responsive pleadings). Some courts have refused to allow the same decision defense when it was not appropriately pled. *See, e.g.*, *Johnson v. Potter*, No. 8:08-cv-1279-T-24-TG, 2010 WL 3585159 (M.D.Fla. September 10, 2010).

However, this Court thinks that Plaintiff was properly on notice of the same-decision defense. If Defendant claimed that Plaintiff was terminated for a legitimate reason and impermissible factors were no motivation, it naturally flows that, to the extent applicable, Defendant would also claim that if impermissible factors were a motivating factor their legitimate reasons would still have resulted in the same action. It is clear to the Court that Plaintiff has been aware of this defense from the outset and it seems likely that the Defendant would suffer prejudice if the same-decision defense was excluded. Accordingly, this motion in limine is DENIED. To the extent that it may later be determined that pleading the same-decision defense is legally required regardless of prejudice, Defendant shall be granted the opportunity to amend their answer for the sole purpose of adding the same-decision defense. This amendment is justified by Federal Rule of Civil Procedure 15(b)(1) because the evidence excluded by this will aid in presenting the merits and the objecting party, likely on notice of this defense for the entire case, has failed to satisfy this Court that

5

the evidence would prejudice the party's action.

There is no prejudice to Plaintiff if Defendant asserts this defense. Plaintiff had notice. No additional discovery is needed. This case is best decided on the merits.